# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
            )   Cr. ID No.   1709005240
        Plaintiff,     )
            )
       v.           )
            )
SANDY D. LASHLEY,      )
            )
        Defendant.    )

Submitted: February 19, 2021
Decided: March 16, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Cari Chapman, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Sandy D. Lashley, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 16th day of March 2021, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.    On March 26, 2018, a Superior Court grand jury indicted Defendant Sandy D. Lashley on charges of Murder in the First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF"), for the shooting death of Allen Melton on September 7, 2017.

2.    On September 7, 2017, Defendant Lashley was involved in a verbal and physical altercation with the victim and his girlfriend.  During the altercation, Lashley discharged a firearm shooting and killing the victim. The shooting occurred at the corner of Cedar and Anchorage Streets in Wilmington, Delaware. Immediately after the homicide, Lashley fled the State of Delaware and was apprehended in Staten Island, New York by the U.S. Marshal's Task Force.  He was extradited to Delaware on May 16, 2018.[1]

3.    Lashley faced a mandatory term of life in prison if convicted of the Murder in the First-Degree charge.  Lashley also faced an additional sentence of 3 years minimum-mandatory up to 25 years at Level V on the PFDCF charge.

---

[1] Superior Court Docket No. 30- State's Sentencing Memoranda at pgs. 2-3; Superior Court Docket No. 41- Affidavit of Defense Counsel in response to Rule 61 motion at pgs. 2-3.

4. On May 23, 2019, Lashley pled guilty to Murder in the Second Degree (as a lesser-included offense of Murder in the First Degree) and PFDCF. Lashley faced a minimum-mandatory prison sentence of 15 years for the Murder in the Second-Degree conviction and a minimum-mandatory prison sentence of 3 years for the PFDCF conviction, for a total minimum sentence of 18 years at Level V.

5. As part of the plea agreement, the State agreed to cap its recommendation of total unsuspended prison time to 25 years. Sentencing was deferred so that the parties could submit their respective sentencing memoranda.

6. On July 19, 2019, Lashley was sentenced on the charge of Murder in the Second Degree to 25 years at Level V, suspended after 20 years, followed by 2 years of Level III probation. On the PFDCF conviction, Lashley was sentenced to 3 years at Level V. In total, Lashley's unsuspended Level V time was 23 years.

7. Lashley did not file a direct appeal of his conviction or sentence.

8. On October 22, 2019, counsel for Lashley filed a Motion for Reduction of Sentence, offering additional character letters on Lashley's behalf.[2] The Superior Court denied the motion by Order dated December 12, 2019.[3]

---

[2] Superior Court Docket No. 31.
[3] Superior Court Docket No. 32.

## LASHLEY'S RULE 61 MOTION

9. Lashley filed the subject Rule 61 motion on June 18, 2020. In the subject motion, Lashley raises four claims for relief. First, he claims that his rights were violated when he was sentenced outside SENTAC guidelines. Second, he claims that his rights were violated when the State failed to take his mental health and past abuse into account in the "penalty phase." Third, Lashley claims that his counsel was ineffective because he coerced Lashley to accept the guilty plea and Lashley was illiterate and incompetent at the time the plea was entered. Fourth, Lashley claims that his counsel was ineffective for coercion and that he did not understand the claim of actual innocence, which he attempts to assert in this motion.

10. Lashley also filed a motion for the appointment of counsel. By Order dated October 16, 2020, Lashley's motion for the appointment of counsel was denied.[4]

11. In this Rule 61 motion, the record was enlarged and Lashley's trial counsel was directed to submit an Affidavit responding to his ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion and Lashley was permitted to file a reply thereto.[5]

---

[4] Superior Court Docket No. 39.
[5] Super.Ct.Crim.R. 61(f) and 61(g).

3

12. For the reasons set forth below, the claims raised in Lashley's Rule 61 motion were all waived upon the entry of his plea, the first two claims are also procedurally barred, and all his claims are without merit.

**Lashley's Claims Were Waived Upon the Entry of His Plea**

13. A defendant is bound by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[6] In the subject action, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Lashley knowingly, voluntarily and intelligently entered a guilty plea.

14. At the time of the plea, Lashley represented that he had reviewed the plea agreement and Truth-in-Sentencing Guilty Plea Form with his attorney, that he was satisfied with his attorney's representation, and that he understood that he was facing a prison term of between 18 years minimum-mandatory to up to life in prison.[7]

15. At the plea hearing, Lashley admitted that he recklessly caused the death of Allen Melton under circumstances which manifested cruel, wicked and depraved indifference to human life and was guilty of Murder in the Second Degree. Lashley

---

[6] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).
[7] May 23, 2019 Plea Transcript, at pgs. 3-7.

also admitted that he knowingly and unlawfully possessed a firearm during the commission of murder in the second degree.[8]

16. Lashley represented that he was satisfied with his counsel's representation, that his counsel fully advised him of his rights, and that he understood the consequences of entering into his guilty plea.[9]

17. The Court accepted Lashley's guilty plea only after finding that he entered into his plea knowingly, intelligently and voluntarily.[10]

18. As confirmed by the plea colloquy, Plea Agreement and Truth-in-Sentencing Guilty Plea Form, Lashley entered his plea knowingly, intelligently and voluntarily. Lashley has not presented any clear, contrary evidence to call into question his testimony at the plea colloquy, Plea Agreement or answers on the Truth-in-Sentencing Guilty Plea Form.

19. Lashley's valid guilty plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[11] Lashley's valid guilty plea waived any right to test the strength of the State's evidence, the right to hear and question witnesses, the right to present evidence in his own defense, and the right to appeal, if convicted.

---

[8] May 23, 2019 Plea Transcript, at pgs. 7-8.
[9] May 23, 2019 Plea Transcript, at pgs. 3-6; Truth-in-Sentencing Guilty Plea Form dated May 15, 2019.
[10] May 23, 2019 Plea Transcript, at pg. 8.
[11] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

20. All of Lashley's claims presented herein stem from allegations of defects, errors, misconduct and deficiencies which existed at the time of the entry of the plea and sentence. All of Lashley's claims presented herein were waived when he knowingly, freely and intelligently entered his plea. [12]

21. In addition to Lashley's claims having being waived, the first two claims are also procedurally barred, and all the claims are without merit. Each specific claim will be addressed in turn.

## Claim One: Illegal Sentence

22. Lashley first claims that his due process rights were violated when he was sentenced outside SENTAC guidelines.

23. In addition to having waived this claim, this claim is also procedurally barred and without merit.

24. It is first noted that an illegal-sentence claim is not a cognizable claim in a Rule 61 motion for postconviction relief. A Rule 61 motion is only available to those seeking to set aside a judgment of conviction or a sentence of death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[13] An illegal-sentence claim, which seeks to attack

---

[12] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.).
[13] Superior Court Criminal Rule 61(a)(1).

6

the sentence but does not seek to set aside the underlying conviction, is outside the scope of a Rule 61 motion.

25. An illegal-sentence claim is to be raised in a Rule 35 motion, not in a Rule 61 motion. Lashley did file a Rule 35 motion.[14] That motion was denied.[15] The Superior Court held that Lashley's sentence was appropriate and proper in all respects.[16]

26. If this claim was cognizable in a Rule 61 motion, the fact that the sentence was already held to be appropriate and proper in all respects in a prior postconviction motion, would operate as a procedural bar to the adjudication of this claim in this motion.[17]

27. Third, Lashley accepted the plea agreement, which provided for a recommended 25-year prison sentence by the State. Lashley received a prison sentence that was 2 years less than that recommended by the State. Lashley cannot now attempt to revise/change the terms of the plea agreement. The plea agreement was negotiated between the parties and both parties are bound by its terms.

28. Fourth, the sentence imposed is not illegal or improper in any respect. A sentence is legal if it is within the statutory limits prescribed by the General

---

[14] Superior Court Docket No. 31.
[15] Superior Court Docket No. 32- December 19, 2019 Order denying Defendant's Motion for Modification of Sentence.
[16] *Id.*
[17] Superior Court Criminal Rule 61(i)(4).

Assembly.[18] For Murder in the Second Degree, a Class A felony, the statutorily authorized range of penalties is 15 years in prison up to life imprisonment.[19] For PFDCF, a Class B felony, the statutorily authorized range of penalties is 3 years in prison up to 25 years in prison.[20] Lashley could have been sentenced to a total of life imprisonment plus 25 years. He was sentenced to 23 years of unsuspended prion time,

29.    Lashley's 23-year prison term was authorized by law, was less than the recommended prison term sought by the State pursuant to the terms of the plea agreement, and was already held by the Superior Court to be appropriate and proper in all respects in a previously decided Rule 35 motion. This claim was waived, is procedurally barred, and without merit.

### **Claim Two-State Violated Lashley's Due Process Rights**

30.    Lashley claims that his due process rights were violated when the State failed to consider his mental health and past abuse during sentencing.

31.    In addition to having waived this claim, this claim is also procedurally barred and without merit.

---

[18] *Weston v. State,* 832 A.2d 742, 746 (Del. 2003).
[19] See, 11 *Del.C.* § 635; 11 *Del.C.* § 4205(b)(1).
[20] See, 11 *Del.C.* § 1447A; 11 *Del.C.* § 4205(b)(1).

32. This claim is procedurally barred pursuant to Superior Court Criminal Rule 61(i)(3). Lashley was required to raise this claim on direct appeal if he genuinely believed the claim had any merit. He failed to do so. It is now procedurally barred.

33. Moreover, this claim is without merit. In order to negotiate the best possible resolution for Lashley, trial counsel obtained a mitigation specialist and retained Dr. Laura Cooney-Koss, a forensic psychologist, to conduct a comprehensive psychological evaluation of Lashley.[21] Following the psychological evaluations and mitigation proffered on behalf of Lashley, the State gave appropriate weight and consideration to all available evidence, thus bringing about the negotiated plea resolution in this case.[22]

34. In light of Lashley's mental health and past abuse and other mitigating issues, the State agreed to allow Lashley to enter a plea to Murder in the Second Degree, and agreed to cap its sentence recommendation to 25 years of prison time. The State did not have to extend that plea offer and if it had not, Lashley would been compelled to proceed to trial on the charge of Murder in the First Degree, thereby facing a life sentence if convicted. The State did consider Lashley's mitigating evidence when

---

[21] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 3-5.
[22] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 3-5; May 23, 2019 Plea Transcript, at pg. 8.

9

negotiating the plea. This claim was waived upon the entry of the plea, is procedurally barred and without merit.

## Claims Three and Four-Ineffective Assistance of Counsel

35. Lashley's third and fourth claims raise ineffective assistance of counsel contentions. In Claim Three, Lashley claims that he was incompetent and illiterate and that his trial counsel "coerced" him into pleading guilty by holding "the life term over" his head. In Claim Four, Lashley contends that his counsel was ineffective for coercion and that Lashley did not understand the meaning of the claim of actual innocence.

36. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[23] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[24]

---

[23] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[24] *Id.* at 687-88, 694.

37. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[25] The burden of proving ineffective assistance of counsel is on the defendant.[26] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[27]

38. The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[28] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[29]

39. Turning to Claim Three, that Lashley was incompetent and illiterate and that his trial counsel "coerced" him into pleading guilty by holding "the life term over" his head, this claim is without merit.

---

[25] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[26] *Oliver v. State,* 2001 WL 1751246 (Del.).
[27] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[28] *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[29] *Id.*, at pg. 741.

11

40.     Lashley's trial counsel noted in his Affidavit in response to Lashley's Rule 61 motion, that he met with Lashley on numerous occasions (at least 19 times) at the prison as well as in court during scheduled appearances.[30]  During those meetings counsel discussed the benefits and risks of proceeding to trial versus entering a plea.[31]  Counsel thoroughly reviewed with Lashley all of the evidence that could be admissible at trial, including video surveillance footage which showed Lashley engaged in a heated conflict with the victim and his girlfriend.  The video also depicted Lashley running toward and away from the crime scene, within moments of the victim being shot multiple times, as well as statements from several witnesses who identified Lashley as being present at the scene of the homicide.[32]

41.     Counsel also recounted in his Affidavit that Lashley's flight to New York from the scene of the homicide could be used to show consciousness of guilt at trial.[33]  Counsel believed that the evidence against him was "compelling".[34]

42.     Counsel represented that with compelling evidence against Lashley and the fact that Lashley faced the possibility of a mandatory life sentence, if convicted of

---

[30] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 3-5.
[31] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 3-5.
[32] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 3-5.
[33] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.
[34] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.

Murder in the First Degree at trial, counsel was obligated to warn Lashley of that significant risk if he went to trial.[35] Ultimately, taking all these factors into consideration, counsel advised Lashley that it would be to his benefit to accept the guilty plea which was negotiated with the State to Murder in the Second Degree and PFDCF with a sentence recommendation by the State capped at 25 years of unsuspended Level V time.[36] However, counsel makes clear that Lashley's decision to accept and tender a guilty plea was his decision and his alone presumably after taking all the advice of counsel under consideration.[37]

43.    Counsel's representation that he did not "coerce" Lashley to accept the State's offer to plead to a lesser included offense is consistent with the record of this case.[38] The record reflects that the court conducted a thorough plea colloquy to determine that Lashley's decision to plead guilty was knowing, intelligent and voluntary. The record unequivocally established that Lashley entered into his plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.

---

[35] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.
[36] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.
[37] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.
[38] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 5-6.

44.    Moreover, it should be emphasized that counsel was by no means ineffective for focusing on the life sentence that Lashley was facing if convicted of Murder in the First Degree at trial, especially in light of the "compelling" evidence against him. Counsel did exactly what he was required to do. Counsel effectively counseled Lashley and assisted him in making a prudent decision based on the pending charges, the evidence against him and the possible sentence he was facing if convicted at trial.

45.    Lashley's trial counsel, in his Affidavit in response to Lashley's Rule 61 motion, also denies the identity of any issues related to Lashley's competency or mental capacity which would have rendered him unable to understand the proceedings and make informed decisions in his case. Counsel had no reason to believe that Lashley was incompetent or unable to understand the charges against him or the guilty plea agreement. [39]

46.    Furthermore, Lashley was examined by two forensic psychologists prior to the entry of his guilty plea. Neither expert raised any concerns about Lashley's competency or ability to understand the nature of the proceedings against him or his ability to effectively communicate.[40]

---

[39] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 6-7.
[40] Superior Court Docket No. 41- Affidavit of Trial Counsel in response to Rule 61 motion, at pgs. 6-7; Superior Court Docket No. 42-State's Response to Defendant's Rule 61 motion, at pg. 17.

47. The record is devoid of any evidence to support Lashley's present contention that his plea was not knowingly, intelligently and voluntarily entered. This claim is without merit.

48. Lashley's fourth and final claim is that his counsel was ineffective for coercion and that he did not understand the claim of actual innocence, which he attempts to assert in this motion.

49. As to a claim of actual innocence, the record simply does not support any such allegation. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance.[41] Even if Lashley attempts to rely on Rule 61(i)(5), to support a claim of actual innocence, he is required to plead with particularity that new evidence exists that creates a strong inference that he is innocent. He has not made any such showing. Indeed, no such evidence exists and to the contrary there was substantial evidence, particularly surveillance video footage and eyewitness identification and accounts that Lashley shot and killed the victim and then fled to New York to avoid prosecution.

50. Lashley received a sentence that was two years less than that recommended by the State pursuant to the terms of his plea agreement. Lashley has failed to make any concrete allegations of actual prejudice and substantiate them. Lashley has

---

[41] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004).

failed to meet his burden to establish that trial counsel's conduct was deficient in any regard and he has failed to establish actual prejudice as a result of any alleged deficiency. Lashley's ineffective assistance of counsel claims are without merit.

51. Lashley's claims raised herein were waived when he voluntarily entered into his guilty plea. The first two claims are also procedurally barred. All the claims raised herein are also without merit.

For all of the foregoing reasons, Lashley's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

        /s/ Lynne M. Parker
        Commissioner Lynne M. Parker

cc:    Prothonotary
       Andrew J. Meyer, Esquire